**The People of the State of Illinois, Defendant in Error, v. Stanley Spinks, Plaintiff in Error.**

**Gen. No. 50,507.**

First District, Third Division.

June 16, 1966.

Jack Osswald, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Stanley Spinks and James Raybourn were indicted for the murder of Samuel Seay. The second count of the two-count indictment charged voluntary manslaughter. They pleaded not guilty and waived a jury trial. The court found them guilty of murder and sentenced them to from 14 to 40 years in the penitentiary.

This appeal is by Spinks only. His contention is that he was not proven guilty of murder and that the record only supports a finding of voluntary manslaughter. He asks this court to reduce his sentence accordingly.

Margaret Johnson, who lived with Samuel Seay in his mother's home, was walking with him on 47th Street in Chicago at approximately 1:30 a. m. As they crossed St. Lawrence Avenue someone called to Seay and he turned around and went back around the corner. She continued to a tavern, stayed there a couple of minutes and returned to where she had left Seay. Around the corner and across the street she saw two men, later identified as Spinks and Raybourn, punching Seay. She picked up an empty wine bottle and ran to his aid. Raybourn told her not to come any closer; when she was about 15 to 20 feet away Spinks took a gun out of his pocket and shot Seay. He and Raybourn then ran away.

Mrs. Johnson had seen a police car on 47th Street near the tavern. She ran to summon the police. Officer William Beavers, who had seen Mrs. Johnson enter and leave the tavern, heard the shot and was on his way to the scene. The officer pursued the two fleeing men north on St. Lawrence to an alley near 46th Place where they jumped over a fence and ran into a basement. They were captured and searched. A .45 caliber pistol was found in the basement. They were brought back to the scene. Mrs. Johnson immediately identified them as the ones who had shot Seay. At that time she heard Spinks say, "I wish I had killed Sam." When Officer Beavers asked, "Why did you shoot the man?" Spinks replied, "The dirty—should have been killed." Seay died a few hours later.

At the police station the men first denied the shooting and said that Margaret Johnson had shot Seay. They also said that the .45 was not the gun used. Beavers re-

turned to the basement and recovered another gun, a .25 caliber automatic.

At the trial the defendants testified that they had remonstrated with Seay, who seemed under the influence of liquor, about his participation four hours earlier in an attempted robbery of Raybourn and also about a statement he was supposed to have made that he intended to rob Spinks. Spinks said that he and Seay were lifelong friends and that the main argument was between Raybourn and Seay so he walked away. As he looked back he saw Seay reach in his belt for a gun so he jumped on him and grabbed his hand. Raybourn seized the other hand and they all wrestled. Raybourn let loose and Spinks pulled his own gun. One of the guns went off, he did not know which and he did not know whether he or Seay was struck. He said he "panicked" and ran away. He did not recall saying, "I wish I had killed him" or anything else, when he was brought back to the scene. Raybourn and Seay were also longtime friends. Raybourn testified that Seay made his living as a robber and pickpocket and that at first Seay joked about the aborted robbery of Raybourn. One word led to another and both he and Seay became abusive. Spinks got into the argument; Raybourn remarked that Seay must have a gun somewhere and patted Seay's midsection. At this Seay backed off and pulled a gun. Raybourn held one of his arms and Spinks the other. Raybourn saw Margaret Johnson pick up a bottle and approach with it in her hand, and thought she was going to hit Spinks on the head. He let loose of Seay and rushed at her and knocked her down. He testified that he saw Seay fall but did not see him shot. He said he took Seay's gun from his hand after he fell because he thought Seay was going to shoot Spinks in the back. He ran away and tossed the gun in a garbage can.

The defense also introduced evidence that Spinks had been informed that Seay intended to rob him and that

Seay had robbed other people. Spinks, on the other hand, admitted that he had a record as a burglar.

It is argued that the evidence does not show a motive, or that Spinks either intended to kill Seay or to do him great bodily harm. It is therefore concluded that the shooting must have been because of a sudden and intense passion resulting from provocation. It is pointed out that Seay and Spinks, and Raybourn too, had been friends since childhood, that no "bad-blood" existed between them, that Seay did not fear them or he would not have responded to their call, that the argument in the beginning was not heated but became so only as it progressed, and that Seay's drawing his gun so provoked Spinks that he too drew his gun and shot his lifelong friend.

■ One of the weaknesses of this argument is that the defendant's own testimony does not support it. Although the State indicted him for both murder and manslaughter, the prosecution was directed toward murder alone. It was undisputed that the defendant killed Seay with a gun and, since the State's evidence indicated that the killing was murder, it became the defendant's obligation to prove circumstances justifying, mitigating or excusing his act. People v. Washington, 27 Ill2d 104, 187 NE2d 739 (1963). The defendant testified that the main argument was between Raybourn and Seay and that he had withdrawn from it. He grabbed one of Seay's arms only because, when he turned back, he saw that Seay had a gun. He said that in the ensuing struggle somehow, someway, the gun went off; he did not know which gun was fired or who was hit until Seay slumped to the ground. He received no injury in the affray. There were two against one, and he did not testify that he ever believed he was in danger of being injured. His testimony negates voluntary manslaughter. There is little evidence that the deceased's conduct provoked an intense passion in the defendant and that he shot the deceased while he

was acting under such passion. Ill Rev Stats, ch 38, § 9–2(a), (b) (1963).

The testimony of the State's eyewitness, if believed, proved that the killing was murder; there was not only proof of malice and an intent to do great bodily harm, there was also proof of intention to kill. Spinks and Raybourn were the aggressors; they called Seay to come to them; they were seen holding him against a wall and beating him; Spinks drew his .25 caliber automatic and deliberately shot the unarmed Seay; he and Raybourn fled and hid; he threw away his gun and Raybourn threw away his; when he was brought to the dying Seay he said that Seay should have been killed and he wished he had killed him. His words indicated an intention to kill, just as his flight, concealment and denial of the shooting showed a consciousness of guilt.

The trial court believed the State's witnesses. In commenting on the evidence at the conclusion of the trial the court said this about Margaret Johnson:

> "Margaret Johnson was carefully cross-examined by both defense counsel [each defendant and his own attorney] and her demeanor on the witness stand impressed the Court that she was attempting to tell the truth as she remembered it. . . . I think Margaret told the truth. . . ."

 There is little reason for this court to think otherwise. Mrs. Johnson, although contradicted in one or two things, was corroborated in many. Her testimony and the evidence as a whole proved beyond a reasonable doubt that the defendant was guilty of murder.

The judgment of the Criminal Division of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.